IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN PATRICK SULLIVAN | : | CIVIL ACTION |
| v. | : | |
| KEVIN KUFFMAN, *et al.* | : | NO. 15-5937 |

### MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                    May 10, 2016

  Presently before the court is a Petition for a Writ of Habeas Corpus filed by Kevin Patrick Sullivan ("Petitioner"), *pro se*, pursuant to 28 U.S.C. § 2254. Petitioner is a state prisoner serving a life sentence, without the possibility of parole, at the State Correctional Institution-Smithfield. Petitioner seeks habeas relief based on numerous claims of ineffective assistance of counsel. The Honorable Gene E.K. Pratter referred this matter to the undersigned for preparation of a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the court finds that the exhaustion requirement is excused for inordinate delay.

### I.  FACTUAL AND PROCEDURAL HISTORY[1]

  On June 9, 2006, Petitioner was convicted of first degree murder and possessing an instrument of crime. Petition ("Pet.") at 1. He was subsequently sentenced to a life term of incarceration. *Id.* On December 21, 2007, the Pennsylvania Superior Court affirmed Petitioner's judgment of sentence. Response ("Resp.") at 2. Thereafter, on April 8, 2009, the Pennsylvania Supreme Court denied allowance of appeal ("*allocatur*"). *Id.* Petitioner did not seek *certiorari* in the U.S. Supreme Court.

  On May 27, 2009, Petitioner sought relief under Pennsylvania's Post Conviction Relief

---

[1] The facts set forth in this background and procedural history were gleaned from Petitioner's Habeas Corpus Petition, the attached Memorandum of Law and the Commonwealth's Response, inclusive of all exhibits attached thereto.

Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.* Although Petitioner was initially *pro se* upon his request, he was eventually appointed counsel on February 18, 2010. Resp. at 2-3. On May 26, 2010, the PCRA court appointed new counsel. *Id.* at 3. For the next five years, appointed counsel failed to file an amended PCRA petition. *Id.* Instead, on June 26, 2015, counsel filed a no-merit letter, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 230 (Pa. Super. Ct. 1988) (*en banc*), and requested leave to withdraw. Resp. at 3. Next, on November 12, 2015, Petitioner filed a *pro se* supplemental brief. *Id.* On February 2, 2016, pursuant to Pa. R. Crim. P. 907, the PCRA court filed notice of its intention to dismiss the PCRA petition without a hearing. State Court Docket at 28.[2] On February 24, 2016, Petitioner responded to the PCRA court's notice. *Id.* To date, the PCRA court has failed to dismiss or otherwise rule on Petitioner's PCRA petition. *Id.*

On October 25, 2015,[3] Petitioner filed the instant habeas corpus petition. The Commonwealth responds that Petitioner has failed to exhaust state court remedies, hence, his petition should be dismissed. Resp. at 1, 6. This court concludes that Petitioner has suffered inordinate delay in the state courts, hence, the exhaustion requirement should be excused.

## II.   DISCUSSION

### A.   General Principles of Exhaustion

A habeas petitioner must exhaust state court remedies before obtaining habeas relief. 28 U.S.C. § 2254(b)(1)(A). The traditional way to exhaust state court remedies in Pennsylvania was to fairly present a claim to the trial court, the Pennsylvania Superior Court and the Pennsylvania

---

[2]The state court docket is available at:
https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-23-CR-0005075-2005.

[3]The Clerk of Court docketed this habeas corpus petition on October 30, 2015. However, Petitioner is a *pro se* inmate, hence, his petition is deemed filed on the date he gave it to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under penalty of perjury, Petitioner stated that he placed his habeas petition in the prison mailing system on October 25, 2015. Pet. at 19. Hence, this court will deem October 25, 2015 the filing date pursuant to *Burns*.

Supreme Court.  *See Evans v. Ct. of Common Pleas, Delaware Cnty.*, 959 F.2d 1227, 1230 (3d Cir. 1992).  However, in light of a May 9, 2000 order of the Pennsylvania Supreme Court, it is no longer necessary for Pennsylvania inmates to seek allowance of appeal ("*allocatur*") from the Pennsylvania Supreme Court in order to exhaust state remedies.  *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

**B.     Inordinate Delay Principles**

The exhaustion requirement is not jurisdictional, but a matter of comity between the state and federal court systems.  *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994).  Hence, when a habeas petitioner has failed to exhaust state court remedies, it is possible to excuse exhaustion, if the state courts have inexcusably or inordinately delayed processing the direct appeal or state collateral action.  *Id.*  For purposes of excusing exhaustion, delay caused by court-appointed counsel as well as the state courts can justify a finding of inordinate delay.  *Id.* at 406.  The shortest delay which has excused exhaustion in the Third Circuit is 33 months.  *Id.* at 405-06 (collecting cases).  Once the delay is inordinate, the Commonwealth bears the heavy burden of demonstrating why exhaustion should still be required.  *Id.* at 405.

**C.     Application of Principles**

Petitioner filed his *pro se* PCRA petition on May 27, 2009.  Because of his choice, he was not appointed an attorney until February 18, 2010.  This attorney was replaced on May 26, 2010. For the next five years, appointed counsel failed to file an amended PCRA petition. Instead, on June 26, 2015, counsel filed a no-merit letter, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 230 (Pa. Super. Ct. 1988) (*en banc*), and requested leave to withdraw.  Although the PCRA court provided notice of its intent to dismiss the petition without a hearing on February 2, 2016, the PCRA petition remains

3

pending.

This procedural history indicates that appointed counsel delayed Petitioner's claims for over five years and, rather than advocating for his client, has chosen to refute Petitioner's claims and seek leave to withdraw. The delay appointed counsel has caused justifies a finding of inordinate delay. *See Story*, 26 F.3d at 406.

The Commonwealth argues that, since the PCRA court has indicated its intention to dismiss the PCRA petition, the state court has reactivated collateral proceedings and this court should stay its hand. *See* Resp. at 5 (citing *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) and *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004)). This court disagrees. Although the Commonwealth may ignore PCRA counsel's tepid, dilatory advocacy and the PCRA court's desultory supervision of Petitioner's claims, this court does not. Third Circuit precedent clearly indicates that the six-year delay since new counsel was appointed is inordinate and justifies excusing exhaustion. *See Cristin*, 281 F.3d at 411 (explaining that 33 months is sufficient delay to excuse exhaustion and declining to lower that threshold to 27 months); *Story*, 26 F.3d at 405-06 (collecting cases). Furthermore, on whatever day the PCRA court rules, exhaustion will not be complete; Petitioner will still have to appeal to the Superior Court and await a decision there in order to properly exhaust his claims. *See Lambert*, 387 F.3d at 233-34. If he does not, Petitioner will procedurally default his claims. *See Cristin*, 281 F.3d at 411.

Moreover, the Superior Court cannot rule until the PCRA court has filed its opinion explaining why collateral relief was denied; before writing an opinion, the PCRA court likely will order Petitioner to file a statement of matters complained of on appeal, pursuant to Pa. R. App. P. 1925. Hence, the PCRA court has still not completed its work, a fact which renders this case distinguishable from *Cristin*, upon which the Commonwealth relies. In *Cristin*, the PCRA

4

court already had completed its review and Cristin had not appealed its decision to the Superior Court.[4]  *See* 281 F.3d at 411.  Even after the PCRA court has filed its opinion, time will pass while the Superior Court orders a briefing schedule, which is subject to extension by either party, decides whether oral argument is to be held and, finally, rules on the appeal.

Experience teaches that the appellate process is slow and will necessitate additional years of delay in order for Petitioner to exhaust his claims.  Since the delay of six years is already inordinate and this case is distinguishable from *Cristin*, there is no good reason to continue to wait for the state courts to act.  Accordingly, this court finds that exhaustion is excused and the Commonwealth shall answer the substance of Petitioner's claims as well as raise any procedural defenses, other than exhaustion, it deems applicable.

An implementing order follows.

---

[4]The Commonwealth also relies upon *Lee*, *see* Resp. at 5.  That case is inapposite as well.  Exhaustion was excused in *Lee*, because the state had delayed resolution of petitioner Lee's claims for eight years.  *See* 357 F.3d at 341-42.  The Third Circuit expressly declined the Commonwealth's contention in that case that exhaustion should be required, because, despite the delay, there had been some progress in the PCRA court.  *See id*.  The Third Circuit deemed the state court proceedings that had occurred ineffectual and noted that the state courts had failed to address Lee's claims on their merits.  *Id.* at 341.